IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| R.S., A MINOR, BY HIS PARENTS AND NATURAL GUARDIANS, M.S AND A.S.; M.S., A.S., INDIVIDUALLY;<br><br>Plaintiffs,<br><br>vs.<br><br>NOAH FARDO, ESQUIRE; AND FLAHERTY FARDO, LLC,<br><br>Defendants, | 2:17-CV-01142-CRE |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, United States Magistrate Judge.

## I. INTRODUCTION

Presently before the court is Defendants Noah Fardo, Esquire and Flaherty Fardo, LLC's motion to dismiss Count II of Plaintiffs' complaint [ECF No. 14]. For the reasons that follow, Defendants' motion is granted.

## II. BACKGROUND

Plaintiffs, R.S., a minor, and his parents M.S. and A.S. ("parents") brought the instant legal malpractice action against Attorney Noah Fardo, Esquire and Flahery Fardo, LLC for allegedly missing a statute of limitations on an underlying medical malpractice action filed in Virginia.

R.S. sustained an injury to his left elbow while playing football in Virginia on September 18, 2014. R.S. was originally examined at the Spotsylvania Regional Medical Center in

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

Fredericksburg, Virginia. The attending radiologist allegedly negligently interpreted R.S.'s injury as a sprain, and R.S. was later diagnosed as having a separated elbow. Plaintiffs allege that the delay in diagnosing R.S.'s separated elbow caused him irreparable harm. Plaintiffs engaged the legal services of Defendants to "investigate and pursue, if merited, a medical malpractice claim" with respect to the delayed diagnosis of R.S.'s separated elbow. First Am. Compl. ("FAC") [ECF No. 10] at ¶ 10. According to Plaintiffs, the Defendants negligently failed to file the Plaintiffs' medical malpractice lawsuit within the applicable time frame and Plaintiffs were barred to file the case, thereby sustaining damages of not being able to recover for the alleged medical malpractice. *Id*. at ¶ 16.

Plaintiffs filed the instant action against the Defendants alleging legal malpractice on August 30, 2017. Defendants thereafter filed the present motion to dismiss.

### III. STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.

3

*Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). The parties agree that Virginia state law applies. See Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000). This court has jurisdiction pursuant to 28 U.S.C. § 1332.

IV. **DISCUSSION**

Defendants move to dismiss the parents' claim to recover medical expenses (Count II), and argue that the claim for such expenses is not time barred and thus Defendants cannot be said to have missed the statute of limitations for the parents' claim for medical expenses.[2] Defendants also move to dismiss R.S.'s claim for medical expenses, a theory of recovery which Plaintiffs have advanced in the alternative, and argue that any loss that would be sustained by the parents' decision to waive their medical expenses claim in favor of their son would be caused by the parents, and not by the Defendants.

Virginia law generally has a two-year statute of limitations for personal injury actions.[3] Va. Code Ann. § 8.01-243 (A). For actions by a parent of a minor against an alleged tort-feasor for "expenses of curing or attempting to cure such [minor] from the result of a personal injury[,]" *i.e.*, medical expenses, such a claim must be brought within five years of the cause of action accruing.[4] § 8.01-243 (B).

---

[2] Under Virginia law, "[a] cause of action for legal malpractice requires the existence of an attorney-client relationship which gave rise to a duty, breach of that duty by the defendant attorney, and that the damages claimed by the plaintiff client must have been proximately caused by the defendant attorneys' breach." Smith v. McLaughlin, 769 S.E.2d 7, 13 (Va. 2015)

[3] Va. Code Ann. § 8.01-243(A) specifically provides: "Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues."

[4] Va. Code Ann. § 8.01-243 (B) specifically provides: "Every action for injury to property, including actions by a parent or guardian of an infant against a tort-feasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant, shall be brought within five years after the cause of action accrues. An infant's claim for

4

A minor's own claim for medical expenses is governed by the statute of limitations that applies to the minor's cause of action – or two years.[5] § 8.01-243 (B). A minor may bring his own claim for medical expenses if the parents have waived the right to recovery in favor of the infant. *Moses v. Akers*, 122 S.E.2d 864, 866 (Va. 1961); *see also Kristensen ex rel. Kristensen v. Spotnitz*, 3:09-CV-00084, 2011 WL 4458974, at *2 (W.D. Va. Sept. 26, 2011). Where the parents have waived their right to recovery medical expenses in favor of the minor, they may assert a lien and right of reimbursement against any recovery by the infant up to the amount paid or up to the amount the parents are obligated to pay.[6] Va. Code Ann. § 8.01-36 (B). Under Virginia law, "waiver 'is the voluntary, intentional abandonment of a known legal right, advantage, or privilege.'" *Baumann v. Capozio*, 611 S.E.2d 597, 599 (Va. 2005) (quoting *Fox v. Deese*, 362 S.E.2d 699, 707 (Va.1987)). At least one Virginia court addressed the issue of a parent's waiver of the right to medical expenses in favor of the infant and found that a mother expressly waived her right by filing an affidavit waiving such a right. *Kristensen*, 2011 WL 4458974, at *4 (also finding that the right must be expressly waived by both parents, "unless it is shown that only one parent is

---

medical expenses pursuant to subsection B of § 8.01-36 accruing on or after July 1, 2013, shall be governed by the applicable statute of limitations that applies to the infant's cause of action."

[5]  This rule governs all causes of action accruing on or after July 1, 2013. It is undisputed that Plaintiffs' cause of action accrued after this date in September 2014.

[6]  Va. Code Ann. § 8.01-36 (B) specifically provides: "For causes of action that accrue on or after July 1, 2013, the past and future expenses of curing or attempting to cure an infant of personal injuries proximately caused by a tort-feasor are damages recoverable by an infant in a cause of action against the tort-feasor and, if applicable to the infant's cause of action, are subject to the limitation on damages in § 8.01-581.15. Any parent or guardian of such infant who has paid for or is personally obligated to pay for past or future expenses to cure or attempt to cure the infant shall have a lien and right of reimbursement against any recovery by the infant up to the amount the parent or guardian has actually paid or is personally obligated to pay. The right to reimbursement of any parent or guardian shall accrue upon the first tender of funds of any recovery from a tort-feasor to the infant. Court approval of the infant settlement shall release party defendants from all claims for past or future expenses of curing or attempting to cure the infant."

responsible for the [infant's] medical bills.").

In this case, the court agrees with the Defendants that the parents' own claim to recover medical expenses is not time barred, as it has a five-year statute of limitations and would not run until September 2019. Accordingly, the parents cannot maintain their legal malpractice claim against Defendants on the basis of a missed statute of limitations for medical expenses, because the statute of limitations on medical expenses has not yet run and the Defendants cannot be found to have breached any duty it owed. Accordingly, Defendants' motion to dismiss will be granted and the parents' claim for medical expenses will be dismissed.

Turning to Defendants' next argument that to the extent that the Parents seek to waive their claim for medical expenses in favor of the minor, such a claim should also be dismissed, this argument is rejected. Primarily, Defendants cite to no legal authority for the proposition that a minor loses his ability to assert a claim for medical expenses because his parents may assert that same claim under Virginia law. On the contrary, Virginia law specifically allows a parent to waive his/her claim for medical expenses and allows the child to assert those claims, giving the parent the ability to assert a lien or seek reimbursement against any recovery that the parent paid or is obligated to pay. Importantly, the statute of limitations for a minor to bring a claim for medical expenses that his parents have waived under Virginia law is two years and any claim for the R.S.'s medical expenses was a purportedly missed statute of limitations giving rise to a breach in Defendants' duty to R.S.

The question remains, however, whether parents have adequately waived their right to recover R.S.'s medical expenses in favor of R.S. by pleading in the alternative, such that R.S. may bring this cause of action on his own. The court finds that pleading in the alternative does not adequately waive the parents' right to recover medical expenses under Virginia law, and therefore,

R.S. cannot adequately state a claim for recovery of his medical expenses and that claim will be dismissed. However, because amendment could cure this deficiency and because a court must allow a party to amend a complaint when justice so requires, Plaintiffs will be permitted to submit a second amended complaint as to R.S.'s claim for medical expenses consistent with this opinion.

Accordingly, Defendants' motion to dismiss the minor's claim for medical expenses is granted and R.S.'s claim for medical expenses will be dismissed.

## V.     CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is granted. Plaintiffs will be permitted to file a second amended complaint consistent with this opinion.

An appropriate Order follows.

Dated: May 4, 2018

By the Court,
s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:     all counsel of record *via electronic filing*