IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| R. S., A MINOR, BY HIS PARENTS AND NATURAL GUARDIANS, M. S. AND A. S.; M. S., A. S., INDIVIDUALLY;<br><br>Plaintiffs,<br><br>vs.<br><br>NOAH FARDO, ESQUIRE; AND FLAHERTY FARDO, LLC,<br><br>Defendants, | 2:17-CV-01142-CRE |

## **MEMORANDUM ORDER**

AND NOW, this 12th day of October, 2018, presently for consideration before the court are the following:

(1) A motion in limine to preclude testimony critical of treating physicians by Plaintiffs (ECF No. 68);

(2) A motion in limine to preclude testimony of multiple causes of harm by Plaintiffs (ECF No. 69);

(3) A motion in limine to preclude defense counsel from mentioning her children by Plaintiffs (ECF No. 78);

(4) A motion in limine to sever the medical malpractice case from the legal malpractice case by Defendants (ECF No. 74); and

(5) A motion in limine to preclude testimony by Noah Fardo by Defendants (ECF No. 76).

The motions are fully briefed and ripe for disposition. Each motion be addressed seriatim.

### **Plaintiffs' Motions in Limine**

**1. Plaintiffs' motion in limine to preclude testimony critical of treating physicians (ECF No. 68)**

Plaintiffs' motion in limine to preclude testimony critical of treating physicians is GRANTED in part and DENIED in part. Plaintiffs move to preclude Defendants from arguing

1

that the surgeries performed by minor Plaintiff's treating physicians are an intervening superseding cause of Plaintiff's injury as such argument would violate Virginia law concerning superseding causes. Defendants respond that they do not intend to defend against Plaintiffs' claims by arguing that minor Plaintiff's treating physicians were negligent or that negligent acts by the treating physicians made the minor Plaintiff's injuries worse. Plaintiffs' motion is GRANTED insofar as Defendants may not elicit testimony which tends to criticize Dr. Aaron's or minor Plaintiff's other treating physician's techniques or the selection of the procedures such that Defendants attempt to argue that Dr. Aaron's or Plaintiffs' other treating physicians' negligent conduct was a superseding cause in the minor Plaintiff's injuries. However, Defendants will be permitted to elicit testimony from witnesses regarding the risks and complications of surgery (including risks and complications specific to minor Plaintiff's surgeries) and present evidence that any harm was the result of the original sports injury and subsequent non-negligent treatment, procedures and surgery and complications therefrom. To the extent that Defendants seek to cross-examine Dr. Aarons during voir dire in presenting him as an expert regarding his lack of prior surgical experience specifically to correct a dislocated elbow, such testimony will be permitted during voir dire only to establish his credibility as an expert in this field. The remainder of Plaintiffs' motion is DENIED.

    **2. Plaintiffs' motion in limine to preclude testimony of multiple causes of harm (ECF No. 69)**

Plaintiffs' motion in limine to preclude testimony of multiple causes of harm is DENIED. Plaintiffs seek to preclude Defendants' witness Dr. Mendleson or any other witness from testifying about multiple causes of minor Plaintiff's injuries as confusing to the jury. Federal Rule of Evidence 403 allows a court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403. The testimony that Plaintiffs seeks to preclude would not be confusing to the jury, as it is strictly within the jury's purview to determine whether minor Plaintiff's injuries were caused by his original sports injury or by the delayed diagnosis. Moreover, precluding such evidence would be unduly prejudicial to Defendants, as it would jettison Defendants' attempts to defend against the action. Accordingly, Plaintiffs' motion is DENIED.

3. **Plaintiffs' motion in limine to preclude defense counsel from mentioning her children (ECF No. 78)**

Plaintiffs' motion to preclude defense counsel from mentioning her children is DENIED. Plaintiffs seek to preclude defense counsel from mentioning her children, that she has children and/or that she understands or sympathizes with injuries suffered by children because such statements are irrelevant, prejudicial and inappropriate. Defendants respond that defense counsel "has no intention to testify at trial, or, in her examination or witnesses, to reference her children or her status as a mother" but also argues that wide latitude should be given to counsel in summation. Defs.' Resp. (ECF No. 86). The passing reference by either counsel of their parental status or their life experience, while not entirely relevant, is not prejudicial or inappropriate and Plaintiffs' motion as stated is DENIED. Any comments made during trial will be subject to the court's discretion upon counsel's renewed objection, and with the understanding that the court gives counsel wide latitude during opening and closing arguments to ask the jury to draw legitimate inferences based on the evidence presented. Accordingly, Plaintiffs' motion is DENIED.

**Defendants' Motions in Limine**

4. **Defendants' motion in limine to sever the medical malpractice case from the legal malpractice case (ECF No. 74)**

Defendant's motion in limine to sever the medical malpractice case from the legal malpractice case is DENIED. Primarily, a motion in limine is not the proper procedural juncture

to request severance, as "the purpose of a motion in limine is to allow the court to rule in advanced of trial on the admissibility and relevance of certain forecasted evidence." *U.S. v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017) (citing *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). A motion to sever the trial should have been requested at the post-discovery status/settlement conference when the court scheduled the trial. Nevertheless, the court declines to sever the case, as it would be futile. Defendants have stipulated that they missed the statute of limitations as to minor Plaintiff's legal claims; thus, there is no factual issue for a jury to determine as it pertains to the legal malpractice. The parties shall include in its joint stipulations (due October 15, 2018) a stipulation to this effect. These stipulations will be read to the jury during the course of the trial and also entered into evidence for the jury to consider during deliberations. To the extent that Defendants argue that they contest that the statute of limitations was missed for the parent Plaintiffs, such a claim was dismissed by this court at the motion to dismiss stage. Memo. Op. (ECF No. 41) at 6 ("the court agrees with the Defendants that the parents' own claim to recover medical expenses is not time barred, as it has a five-year statute of limitations and would not run until September 2019. Accordingly, the parents cannot maintain their legal malpractice claim against Defendants on the basis of a missed statute of limitations for medical expenses, because the statute of limitations on medical expenses have not yet run and the Defendants cannot be found to have breached any duty it owed."). After that opinion was authored, Plaintiffs filed a second amended complaint which dropped all of the original claims brought by the parents. Instead, the second amended complaint names the parent Plaintiffs as guardians of their minor Plaintiff son and does not bring any separate claims on behalf of the parents in their own right. Moreover, the parent Plaintiffs waived their right to recover the minor's medical expenses in favor of the minor Plaintiff. Second Amended Complaint (ECF No. 43) at ¶ 18; Pls.' Resp. (ECF No. 83) at 1

(Plaintiffs "stipulate to the dismissal of the Parent Plaintiffs' claim for reimbursement of medical expenses they paid arising from the Minor Plaintiff's injuries."). In short, the only issue for the jury to decide at trial is whether Plaintiffs can prove that his misdiagnosis was a proximate cause of his injuries. Because it is stipulated that Defendants missed minor Plaintiff's statute of limitations, the issue of legal malpractice need not be decided by the jury. A jury instruction and entering the parties' anticipated stipulation into evidence will cure any confusion. Accordingly, Defendants' motion is DENIED.

**5. Defendants' motion in limine to preclude testimony by Noah Fardo (ECF No. 76)**

Defendants' motion in limine to preclude testimony by Noah Fardo is GRANTED. Because the court declined to sever the case, Defendants ask the court to limit Defendant Fardo's testimony at trial "only to what is necessary for Plaintiffs to establish the first two elements of the legal malpractice claim, namely, the existence of an attorney-client relationship and whether a statute of limitations was missed." Defs.' Br. (ECF No. 77) at 3. Because Defendants stipulate that an attorney-client relationship existed and the statute of limitations was missed, it would be wasteful to the jury's time for Defendant Fardo to be compelled to testify solely to facts stipulated by the parties. The parties shall include in its joint stipulation (due October 15, 2018) stipulations to this effect. Such stipulations will be read to the jury during the course of trial and will be entered into evidence for the jury's consideration during deliberations. Plaintiffs respond that Defendant Fardo should be compelled to explain to the jury "how and why they are being asked to resolve a medical malpractice claim that occurred in Virginia." Pls.' Resp. (ECF No. 84) at ¶ 3.[1] Testimony regarding the conception of the attorney-client relationship may be elicited from Plaintiffs, and it

---

[1] Additionally, neither party named Defendant Fardo as a potential witness in their witness list. Notwithstanding that this moots any argument that his testimony should be precluded, Defendant Fardo's testimony is wasteful and irrelevant under Federal Rule of Evidence 403.

5

is otherwise inappropriate for any witness to testify as to the governing law. To the extent that Plaintiffs seek to explain the legal process, they may include such an explanation in their proposed jury instructions or their pretrial statement. Moreover, Plaintiffs seek to elicit testimony from Defendant Fardo regarding the bias of other witnesses. This is not relevant to the issues in this case and would confuse the issues in this case. *See* Fed. R. Evid. 403. Accordingly, Defendants' motion is GRANTED as explained above.

### **Legal Opinions by Plaintiffs' Legal Malpractice Expert James Dattilo**

Plaintiffs submitted a witness list in which Plaintiffs indicated it would call attorney James Dattilo "as an expert on the legal malpractice in this case. His testimony will include all of the substance in his report dated May 1, 2018[.]" Pls.' Witness List (ECF No. 70) at ¶ 5. The Dattilo report outlines the events giving rise to the action, gives credence to Plaintiffs' medical experts' opinions and essentially states that Defendant Fardo is negligent for missing the statute of limitations. From the proffer, it is clear that Plaintiffs intend to call Attorney Dattilo to testify as to legal conclusions and support the Plaintiffs' medical experts' testimony. "[I]t is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury." *United States v. Leo*, 941 F.2d 181, 196 (3d Cir.1991). Moreover, Attorney Dattilo is not a medical expert and does not have the specialized knowledge required to testify to the credibility of the Plaintiffs' medical experts. The legal premise of this case is not so complicated as to requiring the "unsnarling" from a legal expert. *See Lozano v. City of Hazleton*, 241 F.R.D. 252, 256 (M.D. Pa. 2007). Further, it is undisputed that Defendants missed the statute of limitations in this case, and any testimony regarding this fact would be wasteful of the jury's time under Federal Rule of Evidence 403. Accordingly, Plaintiffs are ordered to show cause as to why they should be permitted to call Attorney Datillo as an expert witness on the legal malpractice in

this case. Plaintiffs shall respond to this show cause order by **October 19, 2018.** Defendants may respond by **October 26, 2018.**

So ordered.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF